IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL ALLEN LINK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-152-Z-BR |
| | § | |
| UNITED STATES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS CASE**

Before the Court is Plaintiff Darrell Allen Link's ("Plaintiff's") "Motion to Confirm Final Arbitration Award." (ECF 3). For the reasons explained below, the Court recommends that this lawsuit be DISMISSED without prejudice for lack of subject matter jurisdiction.

**I.   FACTUAL BACKGROUND**

On June 5, 2020, Plaintiff filed his Motion to Confirm Final Arbitration Award, alleging Defendants are in default of a final arbitration agreement and owe Plaintiff over 20 billion dollars, to wit: $20,566,954,800.00, with six percent interest "compounded daily." (ECF 3 at 1-7). Plaintiff claims the United States, and other Defendants, entered into a "final arbitration agreement" with Plaintiff during 2019. (*See id.*). Plaintiff also claims that Defendants "defaulted" by failure to respond to Plaintiff's mailed proceedings. (*See id.*).

Plaintiff has had at least two lawsuits previously dismissed by federal courts making these same claims. *See Link v. Cochell*, No. 20-CV-02111-LTB-GPG, 2020 WL 6588563, at *1 (D. Colo. Oct. 7, 2020), *appeal dismissed*, No. 20-1406, 2021 WL 1922820 (10th Cir. Mar. 15, 2021) (dismissed without prejudice for lack of subject matter jurisdiction); *see also Link v. Southeast*

*Colorado Power Ass'n*, No. 20-CV-02645-LTB-GPG, 2020 WL 6588562, at *1 (D. Colo. Oct. 7, 2020), *appeal dismissed*, No. 20-1405, 2020 WL 9550925 (10th Cir. Dec. 14, 2020) (dismissed without prejudice for lack of subject matter jurisdiction). Additionally, the underlying facts of this lawsuit seem to stem from events occurring in South Dakota and discussed in another prior lawsuit filed by Plaintiff. *See Link v. Deutsche Bank Tr. Co.*, No. CIV. 12-68-KES, 2012 WL 2524980, at *3 (D.S.D. June 29, 2012) (remanding case to state court).

## II.     STANDARD OF REVIEW

*Sua sponte* dismissal of a lawsuit is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *See Dilworth v. Dallas Cnty. Comm'ty College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996). A lack of subject matter jurisdiction may be raised *sua sponte* by the Court at any time. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Moreover, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984).

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Court must liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A district court's basis to dismiss for "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed

facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1995)). Thus, a district court can look outside of the complaint to determine facts relevant to subject matter jurisdiction. *See Williams v. Wynee*, 533 F.3d 360, 365 n.2 (5th Cir. 2008); *Ramming*, 281 F.3d at 161. This Court will consider all of Plaintiff's pleadings and filings to determine whether facts exist to support the Court's subject matter jurisdiction. *See Williams*, 533 F.3d at 365 n.2; *Ramming*, 281 F.3d at 16.

When assessing jurisdiction, the district court accepts a plaintiff's allegations in the complaint as true and may resolve undisputed facts. *See Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012). A plaintiff, as the party asserting jurisdiction, bears the burden of proof for establishing federal court jurisdiction. *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). In the end, a court should "dismiss for lack of subject matter jurisdiction … only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Choice Inc. of Texas*, 691 F.3d at 714 (quoting *Ramming*, 281 F.3d at 161).

### III.  ANALYSIS

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if the Court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because of this circumscribed power, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting

jurisdiction." *Id*. A federal district court only has the power to make decisions on the merits of a case when jurisdiction arises under the constitution and is conferred by Congress in a federal statute. *See Kokkonen*, 511 U.S. at 377; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A plaintiff who brings suit in federal court has the burden to prove that the district court has jurisdiction. *Kokkonen*, 511 U.S. at 377. The basis for federal subject matter jurisdiction should affirmatively appear in the plaintiff's pleading in the form "of a short and plain statement" asserting the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

However, allegations made in a complaint by a pro se plaintiff are liberally construed and held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). "If a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy jurisdictional requirements." *Margin v. Sea–Land Serv., Inc.*, 812 F.2d 973, 976 (5th Cir. 1987) (citing *Hildebrand v. Honeywell, Inc*., 622 F.2d 179, 181 (5th Cir. 1980)).

Plaintiff brings this action to confirm an alleged arbitration award under the Federal Arbitration Act ("FAA"), asserting jurisdiction under 9 U.S.C. § 9. The FAA provides avenues for compelling arbitration in federal court, as well as confirming, vacating, or modifying existing arbitration awards. *Id*. §§ 4, 9–11. Under section 9, a party to an arbitration agreement may apply to the court to confirm a final arbitration award, if the parties have previously agreed "that a judgment of the court shall be entered upon the award made pursuant to the arbitration," and provided the validity or accuracy of the award is not disputed under section 10 or section 11. *Id*. § 9.

But the FAA does not independently create subject matter jurisdiction. *See Hall St. Associates, L.L.C. v. Mattel, Inc*., 552 U.S. 576, 581–82 (2008). "The Arbitration Act is something

4

of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). In cases involving the FAA, a federal court must have an independent basis to exercise jurisdiction, either diversity of citizenship under 28 U.S.C. § 1332 or federal-question jurisdiction under § 1331. *Quezada v. Bechtel OG & C Constr. Servs., Inc.*, 946 F.3d 837, 841 (5th Cir. 2020).

A district court has no authority to resolve a motion to confirm an arbitration award under section 9 of the FAA if the arbitration claims would not otherwise be subject to federal jurisdiction absent the arbitration agreement. *Quezada*, 946 F.3d at 843. Courts may look beyond the face of the petition to determine whether the underlying dispute presents a federal question. *Id.* at 841–843 (finding that section 9 motions are not subject to the well-pleaded complaint rule and adopting the jurisdictional inquiry endorsed by the Supreme Court in *Vaden v. Discover Bank*, 556 U.S. 49 (2009) for petitions brought under section 4 of the FAA). But if a section 9 motion is not predicated on an action that arises under federal law, a court cannot exercise federal question jurisdiction. *Quezada*, 946 F.3d at 843.

Plaintiff does not allege facts that demonstrate federal law creates the cause of action or that his right to relief depends on resolution of a substantial question of federal law. Even assuming the validity of the arbitration agreement, because the arbitration claims would not be subject to federal-question jurisdiction absent the agreement, the Court has no federal-question jurisdiction in this case. *See id.* at 843. While the Court must construe pro se pleadings liberally, doing so here fails to reveal facts that would warrant invoking the limited jurisdiction of the Court.

Additionally, diversity jurisdiction does not exist in this case. In *Postal Telegraph Cable*

*Co. v. Alabama*, the Supreme Court held:

> A State is not a citizen ... [Therefore,] a suit between a State and a citizen or corporation of another State is not between citizens of different States [and the federal courts have] no jurisdiction of it, unless it arises under the Constitution, laws or treaties of the United States.

155 U.S. 482, 487 (1894).

The Fifth Circuit recognized the validity of this rule. In *Texas Department of Housing and Community Affairs v. Verex Assurance, Inc.*, the Fifth Circuit wrote:

> This action was removed to federal district court on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332. In an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction. Likewise, state agencies that are the alter ego of the state are not citizens for the purposes of diversity jurisdiction.

68 F.3d 922, 926 (5th Cir. 1995).

Here, Plaintiff sues the State of South Dakota as a party. Thus, there is no diversity of citizenship for this lawsuit, as Plaintiff claims the State of South Dakota is part of the binding FAA agreement.

## IV.     CONCLUSION

As this Court lacks subject matter jurisdiction over the Plaintiff's claims, the Court must dismiss this case.

## V.     RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Plaintiff's "Motion to Enforce Final Arbitration Award" and lawsuit should be DISMISSED without prejudice, for lack of subject matter jurisdiction.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 2, 2021.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).